UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY TILLMAN,

    Applicant,

v.                                      CASE NO. 8:16-cv-3032-T-23JSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Tillman was ordered (Doc. 4) to show cause why his application under Section 2254 is not time-barred. The earlier order explains the requirements for showing entitlement both to equitable tolling of the limitation and to actual innocence. In response Tillman admits no entitlement to the actual innocence exception to the limitation but argues entitlement to equitable tolling. (Doc. 7 at 5)

The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). Tillman must meet both

requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), and an applicant's "lack of diligence precludes equity's operation." 544 U.S. at 419. To satisfy the second requirement, Tillman must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). See cases collected in *Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

Assuming he can meet the due diligence requirement, Tillman fails to show proof of extraordinary circumstances. First, Tillman argues that the applicable limitation was tolled by the Rule 3.850 motion for post-conviction relief even though the motion failed to contain the required oath. As explained in the earlier order (Doc. 4 at 3–4), this argument fails under *Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000) ("Because Hurley's state post-conviction motion was not properly

filed according to the state court's application of the written oath requirement, the one-year statute of limitations under the AEDPA is not tolled."), *cert. denied*, 532 U.S. 1013 (2001).

Second, Tillman argues that his retained post-conviction counsel rendered ineffective assistance by not timely re-submitting a post-conviction motion with the required oath. The alleged delay in re-submitting an amended Rule 3.850 motion proves no entitlement to equitable tolling because attorney negligence is not a basis for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("[C]ounsel's mistake in miscalculating the limitations period . . . is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). Attorney negligence in calculating a filing deadline is not entitled to equitable tolling, as *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015), *cert. denied*, 137 S. Ct. 830 (2017), explains:

> Run-of-the-mill claims of excusable neglect by an attorney, "such as a simple miscalculation that leads a lawyer to miss a filing deadline," do not constitute the kind of "extraordinary circumstance" that is necessary to merit equitable tolling. *Holland*, 560 U.S. at 651–52, 130 S. Ct. at 2564 (quotation marks omitted). Indeed, this court has recently held that attorney negligence, however egregious, will never qualify as an "extraordinary circumstance" unless the negligence rises to the level of actual or effective abandonment of the client. *Cadet*, 742 F.3d at 481.

*See also Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002), *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), and *Sandvik v. United States*, 177 F.3d at 1271–72.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk must enter a judgment against Tillman and close this case.

ORDERED in Tampa, Florida, on December 15, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE